**UNITED STATES DISTICE COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PAUL FRITCH** | ) |
| **2555 Pennsylvania Avenue, N.W., #1015** | ) |
| **Washington, D.C.  20037** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No.** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **DEFENDANT.** | ) |
| _____ | ) |

**COMPLAINT FOR RELIEF**
**FROM VIOLATIONS OF THE ADMINISTRATIVE PROCEDURES ACT**

**I.  NATURE OF THE CLAIM**

1.  Plaintiff Paul Fritch brings this Complaint against the Department of State ("the Department")  seeking review of the decision of the Foreign Services Grievance Board ("FSGB"), which denied him benefits to which he was entitled by law when he was assigned to the Organization for Security and Cooperation in Europe ("OSCE") and returned to the Department following his assignment.

2.  As the result, Plaintiff has lost promotion opportunities, was forced to pay for his own housing, lost contributions to his Thrift Savings Plan account, and was denied position seniority upon his return.

## II. Jurisdiction and Venue

3.  This Court has exclusive jurisdiction over this action under § 1110 of the

Foreign Service Act of 1980, as amended (22 U.S.C. § 4140) which provides in pertinent

part as follows:

> Any aggrieved party may obtain judicial review of a final action of the ...
> Board on any grievance in the district court of the United States in accordance
> with the standards set forth in Chapter 7 of Title 5, United States Code [the
> APA] . . . .

4.  Because this is an action arising under the laws of the United  States, specifi-

cally 22 U.S.C. § 4140, this Court also has jurisdiction under 28 U.S.C. § 1331.

5.  Venue in this judicial district is appropriate because:  it is the judicial district

where the events contained within this complaint are alleged to have occurred; it is the

judicial district where the records relevant to Plaintiff's claims are maintained and

administered; and it is the judicial district in which the Department is located and

Plaintiff works.

## DESCRIPTION OF THE PARTIES

6.  Plaintiff is a citizen of the United States, domiciled in New York, with a

residence in the District of Columbia.  Plaintiff entered federal service in May 1987, and

he began his tenure as a Foreign Service Officer with the Department on June 6, 1991.

7.   Defendant Department of State is an executive agency of the Government of the United States within the meaning of the Administrative Procedures Act, 5 U.S.C. § 701(b)(1) (APA).

## IV.  STATEMENT OF THE FACTS

8.   The United States Government has assigned Foreign Service personnel to serve in positions in the international secretariat of the OSCE (and its predecessor organization the Conference on Security and Cooperation in Europe (CSCE))  since 1975.

9.   On July 13, 2007, Plaintiff was instructed by the Department to accept a senior management position as the Director, Office of the Secretary General, for the OSCE in Vienna, Austria.

10.   Under federal law, there are two possible procedures by which Foreign Service employees can be assigned to international organizations: by detail, during which the employee remains an employee of the Department throughout the assignment,

5 U.S.C. § 3343;[1/] or by separation and transfer, which requires that the employee leave federal employment for the assignment while retaining re-employment rights, 5 U.S.C. §§ 3581-3584.

11.  In 2007, regulations issued by the Office of Personnel Management provided that:

> Without prior approval of OPM, an agency may detail or transfer an employee under this subpart to any organization which OPM has designated as an international organization. *An agency may detail or transfer an employee under this subpart to any other public international organization or international organization preparatory commission, only when OPM,* after consultation with the Department of State, *agrees that the organization concerned could be designated as an international organization* covered by sections 3343 and 3581 of title 5, United States Code.

5 C.F.R. § 352.304 (emphases added).

---

[1/]  Section 3343 provides, in pertinent part

(b) The head of an agency may detail, for a period of not more than 5 years, an employee of his agency to an international organization which requests services, except that under special circumstances, where the President determines it to be in the national interest, he may extend the 5-year period for up to an additional 3 years.

(c) An employee detailed under subsection (b) of this section is deemed, for the purpose of preserving his allowances, privileges, rights, seniority, and other benefits, an employee of the agency from which detailed, and he is entitled to pay, allowances, and benefits from funds available to that agency.

A "detail" is defined, § 3343(a)(2), as follows:

(2) ''detail'' means the assignment or loan of an employee to an international organization without a change of position from the agency by which he is employed to an international organization.

12.  As of July 2007, the Office of Personnel Management (OPM) had *not* designated the OSCE as an international organization, and the Department had neither sought nor obtained OPM's agreement that it could be so designated.

13.  The Department's Human Resources Bureau has a Standard Operating Procedure (SOP) A-10, which identifies assignments of Foreign Service personnel to the OSCE as a "detail category," and mandates that they be processed as "EUR [i.e., Bureau of European and Eurasian Affairs] *positions*." As noted above, the primary distinction between a detail and a separation/transfer is that in the former, the employee continues to encumber a State Department bureau *position*, while in the latter he does not.  This SOP constitutes a "published policy" within the Department's regulation at 22 C.F.R. § 16.1(c)(2).

14.  On July 31, 2007, Plaintiff concluded a separation/transfer agreement to the OSCE with the Director General of the Foreign Service ("Director General").  The separation/transfer agreement included an explicit assurance of uninterrupted promotion eligibility throughout Plaintiff's service with the OSCE.[2]

---

[2] The promotion eligibility assurances given to Plaintiff in this separation/transfer agreement were inconsistent with governing Precepts (Departmental rules governing promotions), but the Precepts in turn were inconsistent with applicable regulations. *See* ¶ 18, *supra*.  The FSGB acknowledged that the separation/transfer agreement was erroneous, but concluded the error was not deliberate. Decision at 32.

15.   On September 9, 2007, Plaintiff's separation/transfer was formalized by a personnel action (SF-50) that separated him from the Foreign Service with re-employment rights.  The SF-50, however, did not reference Plaintiff's assignment to OSCE, but rather formally transferred Plaintiff to the Multinational Force and Observers in the Sinai (MFO).

16.   To date, upon knowledge and belief, Plaintiff is the *only* member of the Foreign Service *ever* assigned to a position in the CSCE/OSCE via separation/transfer rather than detail.

17.   The Department's decision to assign Plaintiff to the OSCE by separation/transfer rather than detail resulted in significant financial and career consequences. Had Plaintiff been detailed rather than transferred,

a.   he would have received no-cost U.S. Government housing in Vienna.  Instead, over the course of his 5-year assignment, Plaintiff had to pay more than $140,000 for his own housing;

b.   he would have accrued annual, sick and home leave; and

c.   he would have been permitted to make contributions to his federal Thrift Savings Plan (TSP) account.

18.   Moreover, the Department excluded Plaintiff from consideration for promotion for the duration of his service at OSCE, despite the clear text of 5 C.F.R.

§ 352.314(a) (2007) ("Each agency shall consider each employee detailed or transferred to an international organization for all promotions for which he would be considered were he not absent").[3/]

19.   Plaintiff's tenure with OSCE ended, and he was re-employed by the Department, on June 27, 2012.

### *Plaintiff's Administrative Grievance*

20.   On August 7, 2012, Plaintiff filed a grievance with the Department.  Because Department rules provide that a grievance can only be filed by an employee, Plaintiff was ineligible to grieve his status until he was re-employed by the Department.

21.   The Department agreed Plaintiff's grievance was timely filed.

22.   In his grievance, Plaintiff claimed that he had been improperly separated and transferred to the OSCE, that he had improperly been denied consideration for promotions during his assignment to the OSCE, and that he had been denied benefits (such as housing allowance and leave accrual) to which he should have been entitled as a detailee.

23.   In his grievance, Plaintiff argued that the Department had violated both regulation and published policy when it separated and transferred him to the OSCE.

---

[3/]   The version of § 352.314 quoted herein was effective from 1993 through December 1, 2008, and was thus applicable to Plaintiff's 2007 assignment. As part of revisions in October 2008, the language was modified slightly, but not materially, to make it gender neutral; the regulation currently provides that "[t]he employing agency must consider an employee who is detailed or transferred to an international organization for all promotions for which the employee would be considered if not absent."

24. On November 20, 2012, the Department denied Plaintiff's grievance.

### *The FSGB*

25. On January 11, 2013, Plaintiff timely appealed the Department's denial of his grievance to the Foreign Service Grievance Board ("FSGB").

26. In his appeal, Plaintiff repeated his arguments that his assignment to OSCE by separation/transfer was erroneous  because

a. The transfer violated applicable regulations because the OSCE had not been designated by the federal government as an international organization eligible to receive a transferred employee;

b. The transfer violated the published policy contained in HR-SOP A-10, which required such assignments to be processed as details, *see* ¶ 13, *supra*;

c. The transfer was documented with reference to an organization and a duty station to which Plaintiff was not assigned; and

d. The Department had failed to ensure that, upon his re-employment, Plaintiff would receive the benefits guaranteed by law, such as equalization of allowances (5 C.F.R. § 352.310) and consideration of international experience in determining his position and grade upon re-employment (E.O. 11552 and 22 C.F.R. § 501.8).

27. On March 19, 2014, the FSGB issued its decision denying Plaintiff's grievance.

28.  On April 16, 2014, Plaintiff timely requested that the FSGB reconsider its decision.  *See* 22 U.S.C. § 4136(9); 22 C.F.R. § 910.1 ("the Board may reconsider any decision upon the presentation of newly discovered or previously unavailable material evidence").[4]

29.  In his Request, Plaintiff noted several instances in which the FSGB's decision was inconsistent with law, rule, regulation, and the evidence of record:[5]

a.  In 2007, the OSCE had not been designated an international organization by the federal government.  Relying on argument by the Department, the FSGB held that pursuant to 5 C.F.R. § 352.304, the Department (specifically, the Director General) had the authority to assign Plaintiff to OSCE by separation/transfer if the Department concluded that OSCE *could be* designated an international organization for that purpose. Decision at 27-28.  That finding violates the version of § 352.304 in effect at the time, *see* ¶ 11, *supra,* which vested that authority exclusively with OPM, and not the Department.

---

[4] The Board held, in FSGB No. 98-044 (March 9, 2000), that reconsideration is considered appropriate if:

1.  there has been an intervening change in controlling law;
2.  newly discovered or previously unavailable material evidence is presented; or
3.  [there] is the need to correct clear error or prevent manifest injustice.

[5] At the FSGB, the record is designated "Record of Proceedings" ("ROP").

It is uncontested that, at the time, OPM had neither designated OSCE as an international

organization nor agreed that it could be so designated.[6]

     b.  The FSGB found that Plaintiff had been properly excluded from promotion

consideration under published Precepts,[7] and that"[t]he exclusion and exception to

exclusion are part of published agency policy that is not contrary to law, regulation, or

collective bargaining agreement." Decision at 27. *See also id.* at 26 ("Certain sepa-

rated/transferred members of the Foreign Service (MFO employees) are specifically

eligible for promotion review under the Precepts, but certain other separated/transferred

employees (at other international organizations) are not."  The FSGB's holding that the

Precept is "not contrary to law [or] regulation" is plain error because it is directly

contrary to 5 C.F.R. § 352.314(a), which provided that "[each] agency *shall* consider

---

[6] The FSGB supported its finding that the Department/Director General *could have* designated the OSCE as an international organization with the following analysis: "However, given that the USG was providing 13% of the OSCE's budget in 2008 and had previously detailed various personnel to it, it seems likely that the USG could be deemed to have been "participating" in the OSCE in 2007." (Decision at 28).  Because it was relying on the Department's proffer of the wrong version of the regulation, that analysis ignored the Department's lack of any authority in this regard and is thus invalid altogether.  Regardless, the Board was not permitted to base its decision that Plaintiff was properly transferred on its speculation that the United States "likely . . . could be deemed to have been 'participating' in the OSCE".

[7] State Department "Precepts" are internal rules governing promotions within the Foreign Service.

each employee detailed *or transferred* to an international organization *for all promotions for which he would be considered were he not absent*" (emphasis added). *See* ¶ 18, *supra.*

    c.  The Board cited as evidence of the "legality" of Plaintiff's 2007 separation/transfer the explicit reference by the Director General to 5 U.S.C. § 3584 in the letter approving it. Decision at 28. This statutory authority is vested in the President, and is delegated to the Secretary via Executive Order 11552, which authorizes (indeed encourages) the Department to assign personnel to international organizations. Section 2(4) of the Executive Order requires that:

> "[u]pon return of an employee to his agency, the agency *shall give due consideration to the employee's overall qualifications, including those which may have been acquired during his service with the international organization, in determining the position **and grade** in which he is reemployed*" (emphases added).

By opting for an assignment mechanism that excluded Plaintiff from promotion consideration during his service with the OSCE and re-employing him without any consideration for the level and quality of that service, the Department violated the Executive Order.

    d.  Plaintiff paid more than $140,000 in housing costs during his tenure with OSCE in Vienna, Austria, and forfeited significant amounts of accrued annual, sick and home leave to which he would have been entitled as a detailee.  The Department has consistently rejected recognizing Plaintiff's entitlement to these benefits, and the FSGB agreed; and

e.  Despite the regulatory and procedural errors identified by Plaintiff in his appeal, some of which were acknowledged by the Board, the Board refused to shift the burden of proof to the Department, as required by 22 C.F.R. § 905.1(c),  and found that Plaintiff had failed to meet his burden of proof.

### *The FSGB's Decision on Reconsideration*

30.  On September 25, 2014, the FSGB denied Plaintiff's Request for Reconsideration.

31.  Plaintiff files this action within 180 days of the Board's decision denying reconsideration. 22 U.S.C. § 4140(a).

## CLAIMS FOR RELIEF

### COUNT I

**The FSGB's Decision Was Arbitrary, Capricious,
and Otherwise Not In Accordance with Law**

**Administrative Procedure Act**

**5 U.S.C. §§ 701 *et seq.***

Plaintiff incorporates and realleges the allegations contained in all of the foregoing paragraphs as though fully alleged herein.

32.  A District Court shall set aside the FSGB's conclusions when those conclusions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  *See* 5 U.S.C. § 706(2).

33. Under 22 C.F.R. §905.1(c) "[w]here a grievant establishes that a procedural error occurred which is of such a nature that it may have been a substantial factor in an agency action with respect to the grievant, and the question is presented whether the agency would have taken the same action had the procedural error not occurred, the burden will shift to the agency to establish, by a preponderance of the evidence, that it would have done so."

34. When a Department's errors are grave, the Department has resisted claims for relief throughout, and the burden of proof should have shifted to the Department, it is arbitrary and capricious to fail to "place an aggrieved employee at the rank that she would have held absent the Department's grave misconduct. " *Reiner v. United States,* 686 F.2d 1017 (D.C. Cir 1982); FSGB Case No. 98-96 (May 26, 2000).

35. In this case, the Department in 2007 lacked the statutory and regulatory authority to separate and transfer Plaintiff to the OSCE, and its decision to do so was not in accordance with law.  This decision further constituted a direct violation of published Departmental policy (HR SOP A-10), which is binding upon the Department pursuant to 22 C.F.R. § 16.1(c)(2).

36. By choosing to assign Plaintiff to his position at the OSCE by separa-tion/transfer, the Department denied Plaintiff not only substantial monetary and other personnel benefits, it denied to him the ability to be considered for promotion during his

assignment.  This denial of promotion consideration constituted a further violation of

federal regulation (5 C.F.R. § 352.314(a)).

## COUNT II
### The FSGB Failed to Consider All Relevant Evidence in the Record and Provide a Reasonable Explanation for its Decision

### Administrative Procedure Act
### <u>5 U.S.C. §§ 701 *et seq.*</u>

Plaintiff incorporates and realleges the allegations contained in all of the foregoing

paragraphs as though fully alleged herein.

37.  The FSGB acts arbitrarily and capriciously whenever it fails to consider all

relevant evidence and when it fails to provide a reasonable explanation for its decision.

*Ehrman v. United States,* 429 F. Supp. 2d 61, 67 (D.D.C. 2006).

38.  Here, the FSGB failed to consider the evidence that the Department lacked the

authority to transfer Plaintiff to the OSCE in 2007 without OPM's approval, and instead

accepted the Department's submission of authority the Board knew was inapplicable.

It further failed to consider evidence that the Department's choice of assignment mecha-

nism constituted an express violation of published Agency policy (HR SOP A-10).

39.  While the Board acknowledged several procedural errors committed by the

Department, which were of such a nature that they may have been substantial factors in

agency actions with respect to Plaintiff, it failed to shift the burden of proof to the

Department pursuant to 22 C.F.R. §905.1(c).  Moreover, once Plaintiff asked the FSGB

to reconsider on the ground the Department's evidence of its authority was incorrect, the

Board nevertheless refused to shift to the Department the burden of proof on the issue.

Accordingly, in its Order on Reconsideration, the Board reaffirmed a decision it knew to

be contrary to law and regulation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff asks the Court to award him the following equitable relief:

a.  promotion to the level of  Counselor (FE-OC) in the Senior Foreign Service

which he should have received during his assignment, retroactive to June 27, 2012, with

applicable back pay;

b.  the financial and other benefits to which he was entitled by law during his

assignment, such as housing allowance, Thrift Savings Plan contributions, and restored

leave;

c.  because the Department's position in this matter was not substantially justified,

Plaintiff seeks an award of attorneys' fees and expenses under the Equal Access to Justice

Act and/or the Foreign Service Assistance Act; and

d.  any other appropriate relief to which Plaintiff may be entitled.

**Verification**

I hereby certify under penalty of perjury that the foregoing statements of fact are true and correct to the best of my knowledge.

3/24/2015
_____
Date

_____
Paul Fritch


Respectfully submitted,

*George Chuzi*

_____
GEORGE M. CHUZI
Bar No. 336503
Kalijarvi, Chuzi, Newman & Fitch, P.C.
1901 L Street, N.W., Suite 610
Washington, D.C.  20036
Tel: (202) 331-9264
Fax (1)(866) 455-1504
gchuzi@kcnlaw.com

Counsel for Plaintiff